931 F.2d 63
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Jackie Howard PARRET, Petitioner-Appellant,
v.
Jack COWLEY, Attorney General, State of Oklahoma,
Respondents-Appellees.
 No. 90-5225.
 United States Court of Appeals, Tenth Circuit.
 April 26, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 Petitioner Jackie Howard Parret appeals the denial of his application for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254, which challenged his conviction for burglary of an automobile after former conviction of a felony in the Oklahoma state courts. The district court denied relief on grounds that the application was successive inasmuch as it argued essentially identical claims to those the court had previously rejected in ruling upon an earlier petition. See Rule 9(b) of Rules Governing Sec. 2254 Cases in the United States District Courts. On appeal petitioner argues that his subsequent petition was not an abuse of the writ because, before making its determination, the district court had not previously called up a transcript of the state court's disposition of his claims. He also seeks to reargue his central claim that the state deprived appellant of his right to counsel as guaranteed by the Sixth Amendment. Petitioner had not appealed his state court conviction. Thereafter, when he tried to raise in three different collateral proceedings in state court, the issues that he was denied counsel, given inadequate advice by counsel, and inadequately instructed by the state district court as to his rights and the timing necessary to perfect an appeal, the state courts denied relief on grounds of procedural bypass.
 We do not reach the merits of petitioner's claim of the various alleged deprivations of his rights by the state courts. The petition that he brings before us for review is clearly successive to his earlier petition in federal court, disposed of by the same federal district court on December 8, 1988, and from which he took no appeal. The federal district court, in the 1988 case, carefully considered and rejected all of petitioner's arguments, upholding the state court's findings. Whether the district court's ruling in 1988 was correct is of no concern to us at this late date; petitioner's only recourse was to appeal that earlier determination, and he did not. He cannot acquire a new right of appeal by simply starting over again and appealing the district court's subsequent denial. In order for us to entertain the appeal we would have to find that the "ends of justice" require it. This means petitioner would have to meet the cause and prejudice standard recently enunciated by the Supreme Court in McCleskey v. Zant, 59 U.S.L.W. 4288 (U.S. Apr. 16, 1991), or show a "fundamental miscarriage of justice would result from a failure to entertain the claim." Id. at 4296. Petitioner has presented no evidence that satisfies such a standard.
 
 
 1
 AFFIRMED.
 
 
 2
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3